UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,

                       Plaintiff,

           - against -

JOHN DOE subscriber assigned IP address
104.162.193.16,

                      Defendant.

------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: _05/21/2024_

24-CV-2511 (LAK) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On April 2, 2024, Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3"), a company that owns adult motion pictures, filed this copyright infringement action against Defendant John Doe, alleging that "Defendant is committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures as well as distributing them to others." (Dkt. 1, Compl. ¶ 4.) Like in the many other identical suits filed by Strike 3 against other defendants, Strike 3 has identified Defendant only through his or her IP address. (*Id.* ¶ 5.) Presently before the Court is Strike 3's *ex parte* motion pursuant to Federal Rule of Civil Procedure 26(d)(1) ("Rule 26(d)(1)"), which requests leave to serve a third-party subpoena on Defendant's internet service provider ("ISP"), Spectrum, to identify Defendant's name and address. (Dkt. 7.) For the following reasons, Plaintiff's motion is GRANTED, subject to the protections so-ordered below.

**LEGAL STANDARD**

Rule 26(d)(1) provides that parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by

1

court order." Inasmuch as Strike 3 does not yet know the identity of the Defendant, the requisite Rule 26(f) conference has not taken place.

"When considering whether to grant a motion for expedited discovery prior to the ... Rule 26(f) conference, courts apply a 'flexible standard of reasonableness and good cause.' " *Strike 3 Holdings, LLC v. Doe*, No. 20-CV-1529, 2020 WL 2115211, at *1 (S.D.N.Y. May 4, 2020) (quoting *adMarketplace, Inc. v. TeeSupport, Inc*., No. 13-CV-5635, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013)); *accord* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046.1 (3d ed. 2011) ("Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should have to be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").

As stated by the Second Circuit, the principal factors for district courts to consider when determining whether to grant pre-Rule 26(f) conference discovery include: "(1) the plaintiffs' ability to make out a prima facie showing of infringement; (2) the specificity of the discovery request; (3) the absence of alternative means to obtaining the information sought in the subpoena; (4) the need for the information sought in order to advance the claim; and (5) the Defendant's expectation of privacy." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 521 (S.D.N.Y. 2019) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

## DISCUSSION

Each of the factors listed above weighs in favor of granting Strike 3's motion for expedited discovery. First, Strike 3 has established a *prima facie* case of copyright infringement, which requires a party to show "(1) ownership of a valid copyright in the item

2

and (2) unauthorized copying." *Strike 3 Holdings, LLC v. Doe*, No. 20-CV-6600, 2020 WL 5518486, at *1 (S.D.N.Y. Sept. 11, 2020) (citing *Hughes v. Benjamin*, 437 F. Supp. 3d. 382, 389 (S.D.N.Y. 2020)).   Strike 3 has submitted sworn declarations supporting its motion that describe the copyrighted materials – motion picture films – that serve as the basis of its Complaint; that explain how Strike 3 used its copyright infringement detection system, "VXN Scan," to discover that Defendant had illegally downloaded and distributed the copyrighted materials; and that set forth in detail the manner used by Defendant to copy the copyrighted works, including the date and time of the infringement, and the IP address and technology used to do so.   (*See* Compl. ¶¶ 42-45 and Ex. A (identifying specific copyrighted works determined to have been copied and distributed without authorization); Williamson Decl.[1] ¶¶ 40, 43-82 (describing components and processes of VXN Scan); Paige Decl.[2] ¶ 16 (providing date and time of infringement), ¶¶ 20-26 (describing manner in which Defendant illegally downloaded and distributed the copyrighted materials).)   As found in other, similar cases, the first factor squarely weighs in Strike 3's favor.   *See Strike 3 Holdings, LLC v. Doe*, No. 22-CV-6618, 2022 WL 4292363, at *1 (S.D.N.Y. Sept. 16, 2022) (concluding same); *Strike 3 Holdings, LLC v. Doe*, No. 22-CV-6379, 2022 WL 3681313, at *1 (S.D.N.Y. Aug. 25, 2022) (concluding same); *Strike 3 Holdings, LLC v. Doe*, 19-CV-11466, 2020 WL 264584, at *2 (S.D.N.Y.

---

[1] "Williamson Decl." refers to The Declaration Of Dave Williamson In Support of Plaintiff Strike 3 Holdings, LLC's Motion For Leave to Take Discovery Prior To A Rule 26(f) Conference.  (Dkt. 8-2.)

[2] "Paige Decl." refers to The Declaration Of Patrick Paige In Support of Plaintiff Strike 3 Holdings, LLC's Motion For Leave to Take Discovery Prior To A Rule 26(f) Conference. (Dkt. 8-3.)

Jan. 17, 2020) (concluding same); *Strike 3 Holdings, LLC*, 2020 WL 2115211, at *1 (concluding same).

Second, Plaintiff has limited the scope of its requested expedited discovery to discover "the true name and address of Defendant." (Dkt. 8 at 2.) Other courts have found similar requests sought be Strike 3 to be a sufficiently "limited and highly specific set of facts." *Strike 3 Holdings, LLC*, 2020 WL 2115211 at *1 (collecting cases). This Court agrees, concluding that the information Strike 3 seeks is sufficiently narrow to weigh in favor of granting expedited discovery under Rule 26(d).

Third, Strike 3 argues that the third-party subpoena to Defendant's ISP is the only means by which Plaintiff can ascertain Defendant's identity. (*See* Dkt. 8 at 11.) At present, Strike 3 "has only a limited view into Defendant's true identity, only having access to the offending IP address" and proffers that "[t]he only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address is Defendant's ISP." (*Id.*) Again, courts consistently conclude that these circumstances establish the third "principal factor." *See Strike 3 Holdings, LLC*, 2022 WL 3681313, at *2; *Strike 3 Holdings, LLC*, 2020 WL 2115211 at *2; *Strike 3 Holdings, LLC*, 2020 WL 264584, at *3; *see also John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) (concluding same where plaintiff explained that "use of the BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address" and that plaintiff "cannot determine the identity and contact information for each of the defendants without obtaining [such] information from the ISPs by subpoena"). This Court agrees and concludes that the third factor also weighs in Strike 3's favor.

Fourth, Strike 3 will be unable to serve Defendant and pursue its claims in the absence of the information it seeks from Defendant's ISP. *Strike 3 Holdings, LLC*, 2020

WL 2115211, at *2; *Strike 3 Holdings, LLC*, 2020 WL 264584, at *3.  The fourth factor thus favors granting Strike 3's motion.

Fifth and finally, "while the Court is sensitive to the fact that Defendant's viewing of these particular copyrighted works may be the source of public embarrassment, courts in this district have nonetheless concluded that 'ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material.' "  *Strike 3 Holdings, LLC*, 2020 WL 2115211, at *2 (quoting *Strike 3 Holdings, LLC*, 329 F.R.D. at 522).  Moreover, the Court can and will impose protections described below, particularly in light of the "substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.' "  *Strike 3 Holdings, LLC*, 329 F.R.D. at 522 (quoting Fed. R. Civ. P. 26(c)(1)).

As all material factors weigh in Strike 3's favor, the Court grants Plaintiff's motion to serve a third-party subpoena on Defendant's ISP to ascertain Defendant's true name and address.  In accordance with the Court's practice in these cases, the Court further concludes that there is good cause to order as follows.

## CONCLUSION

**IT IS HEREBY ORDERED** that Strike 3 may immediately serve a Rule 45 subpoena on Spectrum, the ISP identified in its motion, to obtain information to identify John Doe, specifically his or her true name and current and permanent address.  Plaintiff is expressly not permitted to subpoena the ISP for John Doe's email addresses or telephone numbers.  The subpoena shall have a copy of this order attached, along with the attached "Notice to Defendant."

**IT IS FURTHER ORDERED** that Spectrum will have 60 days from the date of service of the Rule 45 subpoena upon it to serve John Doe with a copy of the subpoena,

a copy of this order, and a copy of the attached "Notice to Defendant."  The order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.  Spectrum may serve John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  Spectrum may not turn over John Doe's identifying information to Strike 3 before the expiration of this 60-day period.  Additionally, if John Doe or Spectrum files a motion to quash the subpoena, Spectrum may not turn over any information to Strike 3 until the issues have been addressed and the Court issues an Order instructing Spectrum to produce the requested discovery.

**IT IS FURTHER ORDERED** that if that 60-day period lapses without John Doe or Spectrum contesting the subpoena, Spectrum shall have 10 days to produce the information responsive to the subpoena to Strike 3.  John Doe, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as his or her filing also notify Spectrum so that it is on notice not to release any of John Doe's information to Strike 3 until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that Spectrum shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS FURTHER ORDERED** that Spectrum shall not assess any charge in advance of providing the information requested in the subpoena.  Should Spectrum elect to charge

for the costs of production, it shall confer with Strike 3 and provide a billing summary and cost report to Strike 3.

**IT IS FURTHER ORDERED** that Strike 3 shall serve Spectrum with a copy of this order along with any subpoenas issued pursuant to this order.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Strike 3 in response to a Rule 45 subpoena pursuant to this order may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.


SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2024
         New York, New York

Copies transmitted this date to all counsel of record.

7

**NOTICE TO DEFENDANT**

1.      You are a defendant in *Strike 3 Holdings, LLC v. Doe*, No. 24-CV-2411, a case now pending before the Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York and the Honorable Robert W. Lehrburger, United States Magistrate Judge for the Southern District of New York.

2.      Attached is the Court's Order, which sets forth certain deadlines and procedures related to this case.

3.      You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer).  If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York.  The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4.      The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

5.      The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6.      The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7.      If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  If you

8

choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the Pro Se Office, as described in paragraph 3.

8.      If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court.  This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it.  The Court must have this information so that it may communicate with you regarding the case.

9.      Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10.     If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case.  If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.